Michael A. Taitelman, Esq. (SBN 156254)
FREEDMAN & TAITELMAN, LLP
1901 Avenue of Stars, Suite 500
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
E-mail: mtaitelman@ftllp.com

Attorneys for Old Ladder Litigation Co., LLC as Litigation Designee on behalf
Of the Liquidation Trust

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, as Litigation Designee on behalf of the Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>RHODIANA CORPORATION,<br><br>Defendant. | Adversary No. 08 CV 1050 LAB RBB<br><br>AMENDED COMPLAINT OF OLD LADDER LITIGATION CO., LLC, AS LITIGATION DESIGNEE ON CASES OF OLD LADDER CO. (DE), INC. (f/k/a WERNER HOLDING CO. (DE), INC., et al.), TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 |

1    <u>FIRST AMENDED COMPLAINT</u>

2

3       Old Ladder Litigation Co., LLC, as Litigation Designee (the "Litigation

4    Designee") on behalf of the Liquidation Trust (the "Liquidation Trust") appointed

5    in the cases of Old Ladder Co. (DE), Inc. (f/k/a Werner Holding Co. (DE), Inc., et

6    al.)[1] (collectively, the "Debtors"), by and through its counsel, Ciardi & Ciardi,

7    P.C., brings this action to avoid and recover transfers pursuant to sections 547 and

8    550 of title 11 of the United States Code (the "Bankruptcy Code") and alleges as

9    follows:

10                       **JURISDICTION AND VENUE**

11       1.      This Court (the "District Court") has jurisdiction over this proceeding

12    pursuant to 28 U.S.C. §§ 1334(b) and 1408(1).

13       2.      This matter is a core proceeding as defined by 28 U.S.C. § 157(b)(2).

14       3.      Venue of this adversary proceeding is properly in this district

15    pursuant to 28 U.S.C. § 1409(b).

16       4.      By this proceeding, the Litigation Designee seeks to avoid

17    and recover, pursuant to sections 547 and 550 of the Bankruptcy Code, certain

18    preferential transfers that one or more of the Debtors made to the Defendant (as

19    defined below).

20                       **PARTIES AND BACKGROUND**

21       5.      Plaintiff is the Litigation Designee, which was appointed pursuant to

22    the Revised Second Amended Liquidating Plan Pursuant to Chapter 11 of the

23    United States Bankruptcy Code, filed by the Official Committee of Unsecured

24    Creditors (the "Plan") in main case number 06-10578, filed in the Bankruptcy

25    Court for the District of Delaware, (the "Delaware Bankruptcy Court") styled as In

26    Re: Old Ladder Co. (DE), Inc. (F/K/A) Werner Holding Co. et. al

27

28

1    6.    Rhodiana Corporation ("Defendant"), is an individual, corporation,

2  limited liability company, partnership or sole proprietorship, whose state of

3  incorporation, organization, existence or residence is unknown.

4    7.    Upon information and belief, Defendant has a mailing address for

5  receipt of payments of 6190 K Fairmount Avenue, San Diego, California 92120.

6    8.    On June 12, 2006 (the "Petition Date"), each of the Debtors filed a

7  voluntary petition for relief under chapter 11 of the Bankruptcy Code.  In the

8  United States Bankruptcy court for the District of Delaware being case number

9  06-10578(KJC).

10    9.    On June 13, 2006, the Delaware Bankruptcy Court entered an Order

11  authorizing the joint administration of the Debtors' cases.  The bankruptcy cases

12  are jointly administered under Case No. 06-10578.

13    10.    On October 25, 2007, the Delaware Bankruptcy Court entered its

14  Order Confirming Committee's Revised Second Amended Liquidating Plan

15  Pursuant to Chapter 11 of the United States Bankruptcy Code, As Modified (the

16  "Confirmation Order").  The Confirmation Order confirmed the Plan, which has

17  since become effective.

18    11.    The Plan provides for the creation of the Liquidation Trust,

19  containing all of the Debtors' "Causes of Action."  Causes of Action are defined in

20  the Plan to include, without limitation, all claims, actions, causes of action, choses

21  in action, suits, debts, dues, damages, judgments, third-party claims, counterclaims

22  and cross-claims of the Debtors or any Debtor or the Debtors' estates or any such

23  estate that are or may be pending or existing on the Effective Date against any

24  person or entity, based in law or equity.

25    12.    Causes of Action include actions seeking recovery of preferential

26  transfers against recipients of pre-petition funds.

27

28

13.  Paragraph 17 of the Confirmation Order expressly provides for the

vesting of the Causes of Action in the Liquidation Trust and specifically provides

as follows:

> The Causes of Action shall be preserved and vest in the
> Liquidation Trust as provided in Article XII.A of the
> Plan and shall be prosecuted, managed controlled, and/or
> settled, and/or residual[ly] transferred on behalf of the
> Liquidation Trust by the Litigation Designee, as
> provided in the Plan and the Liquidation Trust
> Agreement.

14.  Article XII.A of the Plan provides:

> Except as otherwise provided in the Plan, all Causes of
> Action that the respective Debtors and their Estates may
> hold against any Person or Entity shall automatically vest
> in the Liquidation Trust.

15.  Under the Plan, the "Litigation Designee" has:

> [S]ole authority and discretion on behalf of the
> Liquidation Trust to evaluate and determine strategy
> with respect to the Causes of Action, and to litigate,
> settle, transfer, release or abandon any and all Causes of
> Action on behalf of the Liquidation Trust, in each case,
> on any terms and conditions as it may determine in good
> faith based on the best interests of the Beneficiaries.

Plan, Art. VI.F.  Paragraph 8 of the Confirmation Order appoints the

Litigation Designee to serve as the litigation designee of the Liquidation Trust.

## COUNT ONE

### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

16.  The Litigation Designee repeats and re-alleges the allegations

contained in all of the proceeding paragraphs of this Complaint as if the same were

set forth herein at length.

17.  On or within ninety (90) days before the Petition Date (the

"Preference Period"), Werner Co., or an affiliate, transferred and/or caused to be

transferred, to or for the benefit of Defendant, one or more payments of monies

and/or transfers of goods in a total amount of no less than $9,025.62, as more

specifically described on Exhibit A attached hereto (the "Transfers").

1    18.    Upon information and belief, each of the Transfers constituted a
2    transfer of an interest in property of one or more of the Debtors.

3    19.    Each of the Transfers was made, or caused to be made, to or for the
4    benefit of the Defendant, a creditor of one or more of the Debtors.

5    20.    The Transfers were made, or caused to be made, for or on account of
6    one or more antecedent debts owed by one or more of the Debtors to Defendant
7    prior to the date on which such Transfer was made.

8    21.    The Debtors were insolvent for purposes of section 547(b) of the
9    Bankruptcy Code when each of the Transfers was made.

10    22.    The Transfers enabled Defendant to receive more than it would have
11    received if: (i) the cases were cases under chapter 7 of the Bankruptcy Code; (ii)
12    the Transfers had not been made; and (iii) the Defendant received payment of the
13    debt(s) relating to each such Transfer to the extent provided by the provisions of
14    the Bankruptcy Code.

15    23.    Based upon the foregoing, the Transfers constitute avoidable
16    preferential transfers pursuant to section 547(b) of the Bankruptcy Code.

17                              **COUNT TWO**

18           **(Recovery of Avoided Transfers Pursuant To 11 U.S.C § 550)**

19    24.    The Designee repeats and re-alleges the allegations contained in
20    all of the preceding paragraphs of this Complaint, as if the same were fully set
21    forth herein at length.

22    25.    Pursuant to section 547(b) of the Bankruptcy Code, the Litigation
23    Designee may avoid the Transfers. Pursuant to section 550(a) of the Bankruptcy
24    Code, the Litigation Designee may recover, for the benefit of the estates, the
25    Transfers, or the value of the Transfers, from Defendant and/or any immediate or
26    mediate transferee.

27           WHEREFORE, the Litigation Designee respectfully requests that the
28    District Court enter judgment in its favor and against Defendant:

1         (a)    declaring that the Transfers (plus the amount of any additional

2    transfers of property of the Debtors to Defendant during the Preference Period, or

3    during the one year period prior to the Petition Date if the Defendant was an

4    insider, that discovery may reveal) to Defendant constitute avoidable preferential

5    transfers pursuant to section 547 of the Bankruptcy Code;

6         (b)    avoiding the Transfers (plus the amount of any additional transfers of

7    property of the Debtors to Defendant, during one year period prior to the Petition

8    Date or during the Preference Period in each case, as applicable to the cause of

9    action that discovery may reveal) and directing and ordering that Defendant return

10   to the Litigation Designee, pursuant to section 550 of the Bankruptcy Code, the

11   full value of, and awarding judgment against Defendant in an amount equal to:  (i)

12   the Transfers; (ii) interest from the date the Transfers were made through the date

13   of the payment at the maximum legal rate; and (iii) the Litigation Designee's

14   attorneys' fees and costs incurred in this suit;

15        (c)    if Defendant filed a proof of claim pursuant to section 501 of the

16   Bankruptcy Code (a "Filed Claim") in case number 06-10578, then disallowing the

17   Filed Claim until such time as; (i) Defendant turns over to the Litigation Designee

18   any property deemed recovered pursuant to section 550 of the Bankruptcy Code;

19   and/or (ii) Defendant has paid the amount for which Defendant is liable pursuant

20   to Section 550 of the Bankruptcy Code; and

21        (d)    awarding Litigation Designee such other and further relief as may be

22   just and proper.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

Dated: June 26, 2008

Freedman & Taitelman, LLP

By: _____
Michael Taitelman, Esquire
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
(310) 201-0005
(310) 201-0045 Fax

Associate Counsel
Shannon D. Leight, Esquire
Albert A. Ciardi, III, Esquire
Joseph V. Bongiorno,Esquire
2005 Market Street, Suite 1930
Philadelphia, PA 19103
Phone: (215) 557-3550
Fax: (215) 557-3551
Sleight@Ciardilaw.com
aciardi@ciardilaw.com
jbongiorno@ciardilaw.com

Attorneys for Old Ladder Litigation
Co., LLC, as Litigation Designee on
behalf of the Liqidation Trust

-6-

**Exhibit "A"**

| Defendant | Payment Number | Clear Date | Invoice Number | Payment Amount |
|---|---|---|---|---|
| **Rhodiana Corporation** | | | | |
| | **702177** | **$9,025.62** | | |
| | | 3/27/2006 | 29138 | $9,025.62 |
| **Total Transfers** | | **$9,025.62** | | |